223 N.J. Super. 595 (1987)
539 A.2d 334
RITTENHOUSE PARK COMMUNITY ASSOCIATION, PLAINTIFF,
v.
MARVIN KATZNELSON, DEFENDANT-THIRD PARTY PLAINTIFF,
v.
VERNEDIA CRAWLEY, AND EDWARD A. KELLY, JR., CLERK, BURLINGTON COUNTY, THIRD PARTY DEFENDANTS.
Superior Court of New Jersey, Chancery Division Burlington County.
Decided November 17, 1987.
*596 Linda M. Sattel for plaintiff (Beck, D'Elia & Rosenberg, attorneys).
Patrick J. Casey for defendant Katznelson (Gary L. Borger, attorney).
HAINES, A.J.S.C.
Marvin Katznelson, defendant, purchased a home in Rittenhouse Park, a community development having common areas maintained by plaintiff association. The association is supported by assessments imposed upon all properties in the development. A recorded declaration of covenants states that unpaid assessments are a lien upon the affected properties. Vernadia Crawley, who sold the home, did not pay her assessment, a circumstance to which Katznelson was not alerted by her or *597 by his title searches, although, as decided here, he should have been. The association later informed Katznelson of the unpaid assessment, which he refused to pay. It therefore brought this suit to foreclose the assessment lien. The suit has been consolidated with a small claims action commenced by Katznelson against the association. This opinion, responding to cross motions for summary judgment, grants the association's motion against Katznelson and his motion against Crawley. It denies his motion against the association.
The principal issues addressed by this opinion are the related ones of notice and lien. Did the recording of the declaration of covenants establish a lien for unpaid assessments on the Katznelson property and provide notice thereof to him? It is Katznelson's argument that no statute authorizes the recording of the declaration, that liens may not be created absent such authority, and that therefore, the declaration provided no notice to purchasers. I conclude that the law is to the contrary.
The Appellate Division stated the lien-notice rule succinctly in LeisureTowne Association v. McCarthy, 193 N.J. Super. 494 (App.Div. 1984):
The covenants in question [requiring among other things payment of a $16 monthly maintenance fee] were recorded by Leisure Technology Corp., the seller, on May 10, 1977, and such recording gave defendants constructive notice of the same, rendering them fully enforceable against the property owner. Such covenants are valid and enforceable. [at 501; citations omitted]
Other New Jersey cases supporting the proposition are Caullett v. Stanley Stilwell & Sons, 67 N.J. Super. 111 (App.Div. 1961); Olson v. Jantusch, 44 N.J. Super. 380, 388 (App.Div. 1957). Petersen v. Beekmere, 117 N.J. Super. 155 (Ch.Div. 1971) held that such covenants, when part of a neighborhood scheme, were enforceable as equitable servitudes.
The Peterson court relied in part on a New York case, Neponsit Property Owners Assn. v. Emigrant Industrial Sav. Bank, 278 N.Y. 248, 15 N.E.2d 793 (Ct.App. 1938). The Neponsit Association, by covenant, imposed an annual charge on lots for maintenance of roads, parks and beaches. The New York *598 court reasoned that the covenant touched and concerned the land and, since the covenant was in the chain of title, that the purchaser had notice. In Kell v. Bella Vista Village, 258 Ark. 757, 528 S.W.2d 651 (1975), a case with facts closely analogous to the facts here, the court held that a covenant imposing assessments amounted to a continuing lien upon the property. It said: "We can see no reason why the language employed should not be considered as creating a continuing lien on the property for future assessments." Id., 258 Ark. at 760, 528 S.W.2d 651.
Case law, therefore, clearly supports the validity and effect of the declaration here. It provided a lien and constructive notice thereof to Katznelson. See Olson, supra, 44 N.J. Super. at 388. It was his obligation to inquire or suffer the consequences.
Our statutes, contrary to Katznelson's argument, authorized the recording of the declaration. For example, N.J.S.A. 46:16-1 provides:
All deeds or instruments of the nature or description hereinafter in this section enumerated, of or affecting title to real estate in this state may be acknowledged or approved and then recorded . ..:
a.... writings which declare or direct any use .. . of real estate.
N.J.S.A. 46:16-2 provides:
All instruments of every kind in anywise affecting the title to any real estate situate in this state, or any interest therein, or containing any agreement in relation thereto, or granting any right or interest therein, may be acknowledged or approved and the recorded....
N.J.S.A. 46:21-1 provides:
... Whenever any deed or instrument of the nature or description set forth in section 46:16-1 of this title, which shall have been ... duly acknowledged..., duly recorded ... shall, from that time, be notice to all subsequent judgment creditors, purchasers....
The last cited statute does not refer to N.J.S.A. 46:16-2. However, section 16-2 provides that instruments recorded thereunder are subject to "all the provisions of this title relating to the deeds or instruments mentioned in section 46:16-1...." Consequently, the provisions of N.J.S.A. 46:21-1 apply to those instruments.
*599 After Katznelson took title the association filed its "Notice of Lien" in the county clerk's office, expressly setting forth the lien against Katznelson. The clerk was requested to file the notice pursuant to N.J.S.A. 46:8B-21, the condominium statute. The community development here, however, is not a condominium and that statute is not applicable. However, the notice was not a necessary predicate to the foreclosure action and is to be treated as surplusage. The foreclosure action was an appropriate procedure utilized for the purpose of enforcing the lien imposed by the declaration.
The association's motion for a summary judgment of foreclosure must be granted.
This suit and Katznelson's motion include a third-party complaint against the seller of the Katznelson property, Vernedia Crawley and against the County Clerk, Edward A. Kelly. Neither has responded. As to the clerk, no sustainable theory has been advanced which can make him liable, and that is particularly so in view of my disposition of the association's summary judgment motion. I am, therefore, sua sponte, dismissing the third-party complaint against him. It is clear, however, that Vernedia Crawley is liable to Katznelson and the summary judgment motion against her is allowed.